**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JONATHAN MOISES CRUZ JR. *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**U.S. BANK NATIONAL ASSOCIATION, *et al.*,**<br><br>***Defendants*.** | **Civil No.: 8:26-cv-02568-JRR** |

**MEMORANDUM AND ORDER**

Pending before the court is *pro se* Plaintiffs' Motion to Remand to State Court at ECF No. 15 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. Background

Plaintiffs initiated the instant action against Defendants U.S. Bank National Association ("U.S. Bank"), Andrew J. Brenner ("Substitute Trustee"), "Any Other Substitute Trustees Named in the Recorded Substitute of Trustee and/or Pending Foreclosure Docket" ("Other Substitute Trustees"), and BWW Law Group ("BWW"), as well as Defendants John/Jane Doe Entity 1 and John/Jane Does 2-10, on April 30, 2026, in the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-26-002613. (ECF No. 1.) The action "arises from Defendants' mortgage-servicing, loss-mitigation, foreclosure, debt-collection, and related enforcement conduct concerning Plaintiffs' owner-occupied residential property located at 8742 Delcris Drive, Montgomery Village, Maryland." (The "Property;" ECF No. 2 ¶ 1.) Plaintiffs seek:

> [T]o prevent the wrongful loss of their home, to require transparency and accuracy in the servicing and enforcement of the subject mortgage loan, to obtain a full accounting of all sums claimed to be

> due, to challenge the legal and equitable propriety of foreclosure activity undertaken or threatened against the Subject Property, and to secure declaratory, injunctive, statutory, contractual, and equitable relief necessary to protect their rights before the foreclosure machinery advances further.

*Id.* ¶ 2. Plaintiffs raise ten claims in their operative Complaint:

> Count I: Declaratory Judgment against all Defendants;
>
> Count II: Temporary, Preliminary, and Permanent Injunctive Relief against all Defendants;
>
> Count III: Breach of Contract against U.S. Bank;
>
> Count IV: Violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), and Regulation X, 12 C.F.R. § 1024.41 against U.S. Bank;[1]
>
> Count V: Promissory Estoppel/Detrimental Reliance against U.S. Bank;
>
> Count VI: Violation of the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW §§ 13- 301, 13-303, 13-408, against U.S. Bank and, "as applicable, the Other Defendants";
>
> Count VII: Equitable Accounting against U.S. Bank and "any Defendant claiming present monetary entitlement under the Subject Loan";
>
> Count VIII: Challenge to Right to Foreclose/Equitable Preclusion of Foreclosure Advancement against all Defendants;
>
> Count VIX: Breach of the Implied Duty of Good Faith and Fair Dealing against U.S. Bank;
>
> Count X: Violation of RESPA for Failure to Respond Adequately to Notice of Error and/or Request for Information, 12 U.S.C. § 2605(f); 12 C.F.R. §§ 1024.35, 1024.36, against U.S. Bank.

(ECF Nos. 1, 2.)

[1] U.S. Bank incorrectly identifies this claim as pending against all Defendants in its Notice of Removal. (ECF No. 1 ¶ 2.)

U.S. Bank was served on May 29, 2026. (ECF No. ¶ 4.) On June 26, 2026, it removed the case to this court with consent of the other named Defendants.[2] *Id.* ¶¶ 3–4. U.S. Bank invokes this court's original jurisdiction over Plaintiffs' RESPA and Regulation X claims (Counts IV and X) pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. *Id.* at pp. 1–2. Plaintiffs move to remand this action.[3] (ECF No. 15.)

## II. Legal Standard

With limited exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)); therefore, federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

---

[2] The Doe Defendants have not yet been identified or served. (ECF No. 1.)

[3] Defendants filed motions to dismiss or, in the alternative, motions for summary judgment (ECF Nos. 6, 10), and Plaintiffs filed a motion for leave to file a verified first amended complaint (ECF No. 14.) Per Federal Rule of Civil Procedure 15(a), Plaintiffs were permitted to amend their Complaint without Defendants' consent or leave of court. Nonetheless, inasmuch as Plaintiffs seek leave to amend solely in the event the court declines to remand, the court adjudicates the instant Motion. Further, based on its decision to sever and remand the state court claims, and stay the instant claims, the other pending motions will be denied as moot and without prejudice as discussed in greater detail below.

## III. Analysis

Plaintiffs generally contend that remand is warranted because Defendants failed to comply with requirements for removal.[4] They argue, seemingly in the alternative, that to the extent the court may exercise original jurisdiction over their federal claims, the court should decline to exercise supplemental jurisdiction over the state law claims because they substantially predominate over the federal claims per 28 U.S.C. § 1367(c)(2). (ECF No. 15.)

The court is not persuaded to remand on the first basis. Section 1446 sets forth the procedure for removal of actions to federal court. It provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

The Local Rules of this court mirror these requirements and include additional requirements:

> Any party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents, and orders which have been served upon that party, along with a copy of the current state court docket sheet. Within thirty (30) days thereafter the party shall file true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court.

Local Rule 103.5(a).

[4] Some of Plaintiffs' arguments are raised based on their belief that Defendants may have failed to comply with these requirements, as they were unable to confirm compliance. (ECF No. 15.)

While Plaintiffs challenge that they had yet to receive relevant removal documents, U.S. Bank, with consent of the other named Defendants, removed the action to this court on June 26, 2026, within 30 days of service. *See* 28 U.S.C. § 1446(b). (ECF No. 1-2.) U.S. Bank's Notice of Removal identified the basis for this court's original jurisdiction, ECF No. 1 ¶¶ 5–11, was accompanied by a Certificate of Service showing its service via "electronic filing and mail" as well as "first class postage prepaid" to Plaintiffs, *id.* at p. 6, noted the filing of the notice of removal in the state court, *see* 28 U.S.C. § 1446(d), and appears to have included a copy of all pleadings served in the state court action, *see* 28 U.S.C. § 1446(a). (ECF No. 1.) *See* Circuit Court Case No. C-15-CV-26-002613. Thus, absent a more concrete challenge by Plaintiffs, it is plain U.S. Bank complied with the statutory requirements of removal. While it does appear U.S. Bank failed to comport with multiple requirements under Local Rule 103.5(a),[5] this does not warrant remand upon the circumstances here.

The court thus turns to Plaintiffs' argument that, to the extent removal was based on federal question jurisdiction, the state law claims substantially predominate and should be remanded.[6] (ECF No. 15 at pp. 16–18.) As an initial matter, Plaintiffs do not meaningfully challenge this court's subject matter jurisdiction under 28 U.S.C. § 1331. Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Inasmuch as Plaintiffs' Complaint includes claims under RESPA and Regulation X, the operative Complaint plainly raises a federal question. *See Pressl*, 842 F.3d at 302 (explaining "[t]o determine whether a case 'arises under' federal law

[5] U.S. Bank contends it "properly complied with all removal procedures." (ECF No. 19 at p. 5.) It did not. Indeed, Plaintiffs rightfully identify requirements under the Local Rules that U.S. Bank disregarded. *See Muhammad v. Fleming*, 29 F.4th 161, 166 n.6 (4th Cir. 2022) ("Local rules are binding on the parties and the court that promulgated them.") (citing *Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154–55 (4th Cir. 1995)).
[6] Because removal was not premised on diversity jurisdiction, the court does not consider Plaintiffs' arguments as to same. (ECF No. 15 at pp. 14–15.)

for the purposes of establishing federal question jurisdiction," courts follow "the well-pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Similarly, Plaintiffs do not meaningfully challenge this court's supplemental jurisdiction over their related state law claims per 28 U.S.C. § 1367, because Plaintiffs' state law claims "'derive[] from' the same 'nucleus of operative fact' as the federal one[s]." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Instead, the question before the court is whether it should, pursuant to § 1367(c), "decline to exercise supplemental jurisdiction" over Plaintiffs' state law claims because they "substantially predominate[] over the . . . claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). In such context, "federal law is not where the real action is," and "[s]o although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin*, 604 U.S. at 32. A district court "has inherent power to . . . in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

"'Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage[,]' a district court 'may fairly' decline to exercise jurisdiction over the

state claim." *Md. Shall Issue, Inc. v. Montgomery Cnty., Maryland*, No. CV TDC-21-1736, 2022 WL 375461, at *3 (D. Md. Feb. 7, 2022) (quoting *Gibbs*, 383 U.S. at 727). *See also Jordan v. Mayor & City Council of Baltimore*, No. CV SAG-23-03413, 2024 WL 2956094, at *3 (D. Md. June 12, 2024) (same); *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 470 (D. Md. 2014) ("A state claim 'substantially predominates' over the claim that forms the basis of jurisdiction, if that claim 'is only an incident or adjunct of the state claim and . . . the state claim is the crux of the action.'" (quoting *Jones v. Baugher*, 689 F. Supp. 2d 825, 834 (W.D. Va. 2010)).

When considering whether state issues substantially predominate, the court looks to the "terms of proof," "the scope of the issues raised," and "the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726–27. State law claims "may predominate when 'the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims.'" *Md. Shall Issue*, 2022 WL 375461, at *3 (quoting *Diven v. Amalgamated Transit Union Int'l*, 38 F.3d 598, 602 (D.C. Cir. 1994)); *see Jordan*, 2024 WL 2956094, at *3 (same); *Hattons Ford Rd, LLC v. Anderson Cnty.*, No. 8:24-CV-06365-DCC, 2025 WL 1201737, at *5 (D.S.C. Apr. 25, 2025) (same). Conversely, where the "state claim is so closely tied to questions of federal policy," "the argument for exercis[ing] . . . pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727. In exercising its discretion whether to remand a case, the court should also "consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson*, 239 F.3d at 617 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

The *Maryland Shall Issue* analysis is informative here. In *Maryland Shall Issue*, plaintiffs raised four counts that included multiple Maryland statutory and constitutional claims, as well as claims under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *Md.*

*Shall Issue*, 2022 WL 375461, at *1. Plaintiffs there sought, *inter alia*, declaratory judgment on all counts, preliminary and permanent injunctive relief, and compensatory and punitive damages for the Fourteenth Amendment violation. *Id.* The court declined to exercise supplemental jurisdiction over the plaintiffs' state law claims finding, *inter alia*, the state law issues substantially predominated per 28 U.S.C. § 1367(c)(2).[7] *Id.* at *3. The court noted that, although there was no suggestion "that the proof required differs for the state law claims as compared to the federal claim, the scope of the issues raised and the comprehensiveness of the remedy sought illustrate that the state law claims substantially predominate over the federal due process claim." *Id.* at *3. In reaching that conclusion, the court noted the federal claim was more "limited in scope" than the multiple state law claims, *id.* at *3; that the state law claims were "more complex and would likely require more judicial resources to resolve," *id.* at *4; and the scope of relief was broader as to the state law claims than the federal claims, *id.*

The court finds Judge Chuang's reasoning persuasive upon the facts here. Plaintiffs raise ten "causes of action"—eight concern questions of state law, including related requests for declaratory and injunctive relief related to, *inter alia*, barring state court foreclosure action. *Id.* at pp. 118–120. To be sure, Plaintiffs' state and federal claims share core factual allegations, but it "appears that [the] state claim[s] constitute[] the real body of [the] case, to which the federal claim is only an appendage." *Md. Shall Issue*, 2022 WL 375461, at *3, *supra*. These state law claims "require more judicial resources to adjudicate [and] are more salient in the case as a whole than the federal law claims." *Id.*

[7] The *Maryland Shall Issue* court also found that, per 28 U.S.C. § 1367(c)(1), remand of the state law claims was warranted based on the novel or complex issue of state law present there. *Md. Shall Issue, Inc. v. Montgomery Cnty., Maryland*, No. CV TDC-21-1736, 2022 WL 375461, at *3 (D. Md. Feb. 7, 2022). That basis for discretionary remand of state law claims does not appear to be present here (and Plaintiffs do not argue it is).

Indeed, while Plaintiffs' claims all arise from Defendants' mortgage servicing, as U.S. Bank asserts, Plaintiffs' state law claims are more numerous, broader in scope, and seek substantively broader relief than Plaintiffs' federal claims. *See, e.g.*, *id.*; *Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 WL 1242763, at *18 (D. Md. Mar. 17, 2015) (finding state law claims substantially predominate where, *inter alia*, there were seven state law claims and one federal law claim). Plaintiffs' RESPA claims are limited to loss-mitigation allegations (and any related investigation), as considered within the context of RESPA and its accompanying regulation, and concern solely alleged action by U.S. Bank, with one claim pled solely in the alternative. Their state law claims are broader in scope—focusing on loss mitigation, as well as contract disputes (and related disputes regarding implied duties of good faith and fair dealing), Maryland statutory claims, and the parties' rights related to the mortgage and foreclosure proceedings.

Additionally, the relief sought as to Plaintiffs' state law claims is similarly far broader, including, most notably, a declaration of rights regarding enforcement of foreclosure in state court proceedings and related injunctive relief. Indeed, to the extent such a proceeding has commenced (or will commence) or concluded, this court may be powerless to enter key relief Plaintiffs seek. *See, e.g.*, 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Bryant v. Select Portfolio Servicing, Inc.*, No. CV 25-1203-BAH, 2026 WL 617181, at *7 (D. Md. Mar. 4, 2026) ("Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings.") (citation omitted); *Phillips v. Brock & Scott, PLLC*, No. CV PX 16-3899, 2017 WL 3226866, at *3 (D. Md. July 28,

2017) (noting "the Anti-Injunction Act bars a federal court from declaring the parties' respective property rights in a pending foreclosure proceeding") (quoting *Henry v. Aurora Loan Servs., LLC*, No. CV TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. Mar. 25, 2016)).

In view of the foregoing, close examination of Plaintiffs' claims and requested relief confirm that state law claims predominate and that federal law is a mere appendage of the case.

Other considerations further confirm that remand of Plaintiffs' state law claims is warranted. The court discerns no manipulative tactics underlying Plaintiffs request for remand. Further, while it may be more convenient to keep the claims together (based on at least some factual overlap between the state and federal claims), such convenience is "significantly outweighed by the principles of fairness and comity, which favor remand of the state law claims." *Md. Shall Issue*, 2022 WL 375461, at *5. Foreclosure and the related challenges are central to this action. It is beyond dispute that the state possesses a material interest in "adjudicating foreclosure matters pertaining to real property located within a state." *Cf. McCray v. Samuel I. White, P.C.*, No. CV GLR-16-934, 2017 WL 1196586, at *8 (D. Md. Mar. 31, 2017) (in the context of the *Younger* abstention doctrine) (quoting *Toney v. LaSalle Bank Nat. Ass'n*, 896 F.Supp.2d 455, 476 (D.S.C. 2012), *aff'd*, 512 F. App'x. 363 (4th Cir. 2013)). Moreover, limitations of the court's authority to grant certain relief similarly support remand of the state law claims. In view of the foregoing, and where "there is no federal policy that would be furthered by this Court presiding over [Plaintiffs'] remaining state law claims," *Kimberlin*, 2015 WL 1242763, at *18, concerns of comity and justice militate against this court's "[n]eedless decisions of state law." *Id.* (quoting *Gibbs*, 383 U.S. 715, 726).

Accordingly, the court finds remand of Plaintiffs' state law claims is warranted pursuant to 28 U.S.C. § 1367(c)(2).

## IV. Conclusion and Order

Accordingly, for the foregoing reasons, it is this 25th day of November 2026,

**ORDERED** that the Motion (ECF No. 15) shall be, and is hereby, **GRANTED** as follows and is otherwise **DENIED**: Counts I, II, III, V, VI, VII, VIII, and IX, are **SEVERED** from Plaintiffs' Complaint and **REMANDED** to the Circuit Court for Montgomery County, Maryland; and further it is

**ORDERED** that this action is **STAYED**, with Counts IV and X held in abeyance pending resolution of Counts I, II, III, V, VI, VII, VIII, and IX in the state court;[8] and further it is

**ORDERED** that the parties shall file joint status reports on the earlier of every 90 days or within 14 days of the resolution of the state court proceeding; and further it is

**ORDERED**, in view of the foregoing, that Plaintiff's Motion for Leave to File Verified First Amended Complaint (ECF No. 14) and Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment (ECF Nos. 6, 10) shall be, and are hereby, **DENIED as moot and without prejudice**. In the event this proceeding continues pending resolution of the state court proceedings, Plaintiff will be permitted leave to file an amended complaint solely with regard to Counts IV and X, and Defendants may then respond.

/S/
_____________________________
Julie R. Rubin
United States District Judge

[8] *See, e.g.*, *Maryland Shall Issue, Inc. v. Montgomery Cnty., Maryland*, No. CV TDC-21-1736, 2022 WL 375461, at *6 (D. Md. Feb. 7, 2022) (staying and holding in abeyance federal claims pending state court resolution of severed claims); *Oliver v. Campbell McCormick, Inc.*, No. CV CCB-16-1057, 2016 WL 3878492, at *4 (D. Md. July 18, 2016) (same).